**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Catherine Ann Orcutt, | Case No. 2:22-cv-01870-BNW |
| Plaintiff | |
| v. | **ORDER** |
| Commissioner of Social Security, | |
| Defendant. | |

Before the Court is *pro se* plaintiff Catherine Orcutt's application to proceed *in forma pauperis*, filed on November 4, 2022. ECF No. 1.

**I.   *In Forma Pauperis* Application**

Orcutt submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted. The Court now screens the complaint. ECF No. 1-1.

**II.   Screening the Complaint**

**A.   Standard of Review**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).[1] In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

---

[1] Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all *in forma pauperis* proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]").

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In the context of Social Security appeals, if a plaintiff's complaint challenges a decision by the Social Security Administration, the plaintiff must exhaust administrative remedies before filing a lawsuit. *See* 42 U.S.C. § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, the claimant may request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an administrative law judge (ALJ). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request judicial review. *See generally* 20 C.F.R. §§ 404, 416.

Once a plaintiff has exhausted administrative remedies, she may obtain judicial review of a SSA decision denying benefits by filing suit within 60 days after notice of a final decision. *Id.* An action for judicial review of a determination by the SSA must be brought "in the district court of the United States for the judicial district in which the plaintiff resides." *Id.* The complaint should state the nature of plaintiff's disability, when plaintiff claims she became disabled, and when and how she exhausted her administrative remedies. The complaint should also contain a

plain, short, and concise statement identifying the nature of plaintiff's disagreement with the determination made by the SSA and show that plaintiff is entitled to relief.

A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted her administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record to support the findings of the Commissioner, and (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

**B.     Analysis**

Here, Plaintiff alleges that the ALJ partially denied her application for disability insurance and supplemental Social Security income. ECF No. 1-1. She further alleges that on October 23, 2022, the Appeals Council denied review of the ALJ's decision. *Id*. Plaintiff then filed this action on November 4, 2022. Thus, liberally construing Plaintiff's complaint, it appears that she exhausted her administrative remedies and timely commenced this action.

Additionally, the complaint indicates the nature of Orcutt's disability and its alleged onset date. *Id*. It also indicates that Plaintiff resides within the District of Nevada. *Id*.

Finally, the complaint includes sufficient facts to state a claim for relief explaining that (a) the ALJ erred by failing to follow the Ninth Circuit's command by rejecting Listing l.04(A) in boilerplate fashion and not evaluating the proper listing requirements, (b) the ALJ further erred in evaluating the opinions of Adam Antflick, D.O. and her physician at the Las Vegas Pain Institute, and (c) the ALJ's conclusions and findings of fact are not supported by substantial evidence and are contrary to law.

Accordingly, Plaintiff states a cognizable claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff Catherine Orcutt's request to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee of $402.00.

2. Plaintiff is permitted to maintain this action to conclusion without the

1 necessity of prepayment of any additional fees or costs or giving security for them. This Order
2 granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at the
3 government's expense.

4     3.    The Clerk of Court must file the complaint (ECF No. 1-1).

5     4.    The Clerk of Court must serve the Commissioner of the Social Security
6 Administration by sending a copy of the summons and complaint by certified mail to: (1) Office
7 of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite
8 800, San Francisco, California 94105-1545; and (2) the Attorney General of the United States,
9 Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

10     5.    The Clerk of Court must issue summons to the United States Attorney for
11 the District of Nevada and deliver the summons and complaint to the U.S. Marshal for service.

12     6.    From this point forward, Plaintiff must serve on Defendant or, if
13 appearance has been entered by an attorney, on the attorney, a copy of every pleading, motion, or
14 other document submitted for consideration by the Court. Plaintiff must include with the original
15 paper submitted for filing a certificate stating the date that a true and correct copy of the
16 document was personally served or sent by mail to Defendant or counsel for Defendant. The
17 Court may disregard any paper received by a district judge or magistrate judge that has not been
18 filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that
19 fails to include a certificate of service.

21     DATED: February 21, 2022

                                                BRENDA WEKSLER
                                                UNITED STATES MAGISTRATE JUDGE