UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CATHERINE O.,[1] | Case No. 2:22-cv-01870-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| KILOLO KIJAKAZI, | |
| Defendant. | |

This case involves the review of an administrative action by the Commissioner of Social Security denying Catherine O.'s application for disability benefits under Title II and Title XVI of the Social Security Act. The Court reviewed Plaintiff's Motion to Remand (ECF No. 26), the Commissioner's Cross-Motion to Affirm and Response (ECF No. 29), and Plaintiff's Reply (ECF No. 30). For the reasons discussed below, the Court grants Plaintiff's motion and remands for further proceedings.

**I.    BACKGROUND**

On February 9, 2016, Plaintiff filed for disability insurance benefits under Title II of the Social Security Act and soon after, on March 15, 2016, filed for supplemental security income under Title XVI. ECF No. 14-1[2] at 1015. She alleged an onset date of June 19, 2014, and last met the insured status requirements on September 30, 2015. *Id.* Plaintiff's claim was denied initially and upon reconsideration. *Id.*

Plaintiff's initial hearing before an Administrative Law Judge ("ALJ") was held on September 19, 2018, and the ALJ issued a decision finding that Plaintiff was not disabled on November 2, 2018. *Id.* Plaintiff appealed that decision to the Appeals Council, which denied her request for review. *Id.* Plaintiff then commenced an action for judicial review under 42 U.S.C.

---

[1] In the interest of privacy, this opinion only uses the first name and last initial of the nongovernmental party.

[2] ECF No. 14 refers to the Administrative Record in this matter which, due to COVID-19, was electronically filed. All citations to the Administrative Record will use the CM/ECF page numbers.

§ 405(g),[3] and the Court declined to remand the case. *Id.* at 1090. Plaintiff appealed to the Ninth Circuit, which remanded the case on November 19, 2021.[4] *Id.* at 1015.

Once the Appeals Council remanded the case back to an ALJ for a new hearing and decision, a hearing was held before ALJ Kathleen Kadlec on June 30, 2022. *Id.* On August 23, 2022, ALJ Kadlec issued a partially favorable decision for Plaintiff, finding that she was disabled from June 12, 2022, onward. *Id.* Plaintiff then bypassed written exceptions to the Appeals Council and commenced this action for judicial review under 42 U.S.C. § 405(g) on November 4, 2022. *See* ECF No. 1.

## II.   STANDARD OF REVIEW

Administrative decisions in Social Security disability-benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action. . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Commisioner's findings of fact are conclusive if supported by substantial evidence. *See id.*; *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d

---

[3] *Catherine O. v. Saul*, 2:19-cv-01920-DJA.
[4] *Orcutt v. Kijakazi*, 2021 WL 5414855 (9th Cir. Nov. 19, 2021).

2

1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the Court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F. 3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence supports more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health & Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, the issue before the Court is not whether the Commissioner could have reasonably reached a different conclusion, but whether the final decision is supported by substantial evidence. *Burch*, 400 F.3d at 679. It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Id.* The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**A. Disability evaluation process and the ALJ decision**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected. . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The individual also must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R.

§ 404.1514. If the individual establishes an inability to perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the individual is engaged in SGA, the ALJ will make a finding of non-disability. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(a)(4)(ii). If the individual does not have a severe medically determinable impairment or combination of impairments, then the ALJ makes a finding of non-disability. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement, then the ALJ makes a finding of disability. *Id.* § 404.1520(d). Otherwise, the analysis proceeds to step four.

However, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1560; *see also* SSR 96-8p. In making this

finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1545. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past work ("PRW"). 20 C.F.R. § 404.1520(a)(4)(iv). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years. The work also must have lasted long enough for the individual to learn the job and to have performed an SGA. If the individual has the RFC to perform her past work, then the ALJ makes a finding of non-disability. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If she can do other work, then the ALJ makes a finding of non-disability. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence demonstrating that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141–42.

*Here*, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 19, 2014. ECF No. 14-1 at 1018.

At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar and thoracic spine. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of

5

impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

Before moving to step four, the ALJ concluded that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except:

> she can lift and carry 20 pounds occasionally and 10 pounds frequently with pushing and pulling as much as she can carry; and she can sit six hours, stand four hours, and walk four hours with no more than four hours standing or walking in an eight-hour workday. She can frequently operate foot controls bilaterally. She can occasionally reach overhead bilaterally, and she can frequently perform all other reaching bilaterally. The claimant can climb ramps and stairs, stoop, kneel, crouch, and crawl occasionally, but she cannot climb ladders, ropes, or scaffolds. She can never work at unprotected heights, and she can have no more than occasional contact with moving mechanical parts or operating a motor vehicle, and no more than occasional work in extreme cold, extreme heat, and vibration.

*Id.* at 1018–19.

At step four, the ALJ found that Plaintiff could perform her PRW as an accounting clerk before June 12, 2022, because this work did not require the performance of work-related activities precluded by Plaintiff's RFC. *Id.* at 1026. But, the ALJ noted, Plaintiff's PRW as an accounting clerk did not meet the recency requirement as of June 12, 2022, and Plaintiff had not worked at substantial gainful levels since that date. *Id.* at 1029.

At step five, the ALJ found that given Plaintiff's age, education, work experience, and RFC, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform beginning on June 12, 2022. *Id.* The ALJ then concluded that Plaintiff was not disabled prior to June 12, 2022, but became disabled on that date and continued to be disabled through the date of the decision. *Id.* at 1030.

**III.   ANALYSIS**

**A.  The ALJ's analysis of medical opinions is supported by substantial evidence**

The parties dispute whether the ALJ properly weighed the medical opinion evidence. *Compare* ECF No. 26 at 10–22 *with* ECF No. 29 at 3–6.

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss,* 427 F.3d at 1216. An ALJ may reject a non-examining physician's opinion by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

"However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted); *Thomas,* 278 F.3d at 957 (same). Furthermore, an ALJ may reject an opinion that does "not show how [a claimant's] symptoms translate into specific functional deficits which preclude work activity." *See Morgan v. Comm'r of Soc. Sec. Admin*., 169 F.3d 595, 601 (9th Cir. 1999).

### 1. Sandra Ramsey, ARNP and Adam Antflick, D.O.

Although the ALJ acknowledged Plaintiff's treating relationship with Nurse Ramsey and Dr. Antflick, she gave their opinions limited weight because the limitations they described were "overly restrictive in light of the overall record." ECF No. 14-1 at 1025. In evaluating the supportability between their opinions and the record, the ALJ pointed to evidence that discounted their opined limitations. *Id.* For example, the ALJ found that the overall record indicated that Plaintiff has a normal gait, and that this finding did not support the stand-walk limits indicated by Nurse Ramsey's and Dr. Anflick's medical opinions. *Id.* She also found that the record's indication that Plaintiff's pain is controlled with treatment, that she has great relief with injections and blocks, that she has increasing strength with physical therapy, and that she only has slight weakness with some muscles more recently did not support the restrictive limitations set forth by Nurse Ramsey and Dr. Antflick. *Id.*

Moreover, the ALJ found that some of the limitations they described were unexplained. *Id.* For example, the ALJ noted that they failed to provide an explanation for their limits on handling, reaching, and performing fine manipulation. *Id.* Similarly, the ALJ found that they

failed to explain motor-strength limitations, as they did not specify which muscles were affected. *Id.* Because the ALJ found that their limitations were inadequately supported by clinical findings and that they failed to explain how Plaintiff's symptoms translated into specific functional deficits, the ALJ's designation of limited weight to Nurse Ramsey and Dr. Antflick is supported by substantial evidence. *Morgan*, 169 F.3d at 601.

### 2. Las Vegas Pain Institute

The ALJ also found that the medical opinion of the Las Vegas Pain Institute was conclusory and not supported by the overall record, so she gave the opinion limited weight. ECF No. 14-1 at 1026. In making this finding, the ALJ pointed to evidence in the record that demonstrated that Plaintiff's pain was stable and controlled by medication, physical therapy, and infrequent injections, which did not adequately support the Las Vegas Pain Institute's sitting, standing, and walking limitations. *Id.* She also found that the record's indication that Plaintiff did not have any problems with muscle atrophy or gait further failed to support said limitations. *Id.* And because the Las Vegas Pain Institute provided little explanation for the limitations beyond chronic pain with an unknown prognosis, the ALJ found that this provider failed to show how Plaintiff's symptoms caused the listed limitations. *Id.* As such, the ALJ's assignment of limited weight is supported by substantial evidence. *See Bray*, 554 F.3d at 1228.

### B. The ALJ erred in retroactively applying Listings 1.15 and 1.18 rather than conducting analysis under Listing 104A

The parties disagree regarding which listings the ALJ should have applied, given that Listing 104A was in effect at the time Plaintiff originally filed her claim but a new version of listings for musculoskeletal disorders (*i.e.*, Listings 1.15 and 1.18) took effect on December 3, 2020, while Plaintiff's appeal was pending. *Compare* ECF No. 26 at 18–22 *with* ECF No. 5–6.

The Ninth Circuit has explicitly held that "[a] claimant's eligibility for benefits, once determined, is effective based on the date his or her application is filed." *Maines v. Colvin*, 666 F. App'x 607, 608 (9th Cir. 2016) (citing 42 U.S.C. § 1382(c)(7)). So "[a]bsent express direction from Congress to the contrary, the ALJ should have continued to evaluate [Plaintiff's]

application under the listings in effect at the time she filed her application." *Id.* Thus, the ALJ should have evaluated Plaintiff's claim under Listing 104A rather than Listings 1.15 and 1.18. And because an ALJ applying the correct listing could have reached a different disability determination, this error is not harmless. *Stout*, 454 F.3d at 1055–56.

Plaintiff seeks remand for an immediate award of benefits because she contends that she met 104A's criteria. ECF No. 26 at 19. However, Plaintiff herself admits that "no evaluation of Listing 104A was conducted by the ALJ," and she contends that, contrary to the Ninth Circuit's instructions on remand, the ALJ did not properly discuss the proof Plaintiff provided. ECF No. 26 at 27–28. Plaintiff also argues that the ALJ discussed no specific evidence in making her determination under Listings 1.15 and 1.18. *Id.* at 18. Because the ALJ did not evaluate Plaintiff's claim under 104A and did not make sufficient factual findings, the Court is unable to remand for an award of benefits based on the current record. *Maines*, 666 F. App'x at 608. The Court instead remands to an ALJ to determine whether Plaintiff meets, or equals, Listing 104A.

**C. The ALJ erred in calculating Plaintiff's PRW**

The parties dispute whether the ALJ correctly calculated Plaintiff's PRW. *Compare* ECF No. 24 at 24–29 *with* ECF No. 29 at 8–9.

The ALJ found that Plaintiff's past work as an accounting clerk met the threshold for SGA and that Plaintiff worked this job through June 11, 2007. ECF No. 14-1 at 1027. The ALJ then determined that the accounting clerk position met the recency requirement for PRW through June 11, 2022, "as it was performed within 15 years of that date." *Id.* In other words, the ALJ took the last date that Plaintiff worked as an accounting clerk—June 11, 2007—and added 15 years to this date to find that Plaintiff had PRW through June 11, 2022. *See id.* Using that date, the ALJ found that based on the vocational expert's testimony, Plaintiff was able to perform her PRW, as well as other jobs existing in the national economy, and therefore was not disabled through said time period. *Id.* at 1027–29.

However, the ALJ determined that on June 12, 2022, Plaintiff was (1) approaching retirement age, (2) did not have work skills that were transferable to other occupations within her

9

RFC, and (3) did not have any PRW. *Id.* at 1029. Based on these findings, the ALJ reasoned that as of June 12, 2022, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id.* Thus, the ALJ concluded that Plaintiff became disabled on June 12, 2022. *Id.* at 1030.

Plaintiff applied for disability benefits under both Titles II and XVI of the Social Security Act. *Id.* at 1015. Under Title II, Plaintiff must establish disability on or before the date her insurance coverage lapsed. 42 U.S.C. §§ 423(a), (c). Plaintiff's last-insured date was September 30, 2015. ECF No. 14-1 at 1016. The ALJ concluded that because Plaintiff "became disabled" on June 12, 2022, she was not disabled on her last-insured date, so the ALJ denied Plaintiff benefits under Title II. *Id.* at 1030. But because Title XVI has no insurance requirement, the ALJ found that Plaintiff was entitled to benefits under Title XVI from June 12, 2022, onward. *Id.*

According to Social Security Ruling 82-62:

(1) When deciding whether a claimant is disabled under Title II or Title XVI, the 15-year period is generally the ***15 years prior to the time of adjudication at the initial, reconsideration or higher appellate level***.

(2) In those Title II cases in which the claimant's disability insured status was last met prior to adjudication, ***the work performed for the 15-year period preceding the date the Title II disability insured status requirement was last met*** would generally be considered relevant, since the claimant's capacity for SGA as of that date represents a critical disability issue.

SSR 82-62 (emphasis added); *see also Barnes v. Sullivan*, 932 F.2d 1356, 1358 n.2 (11th Cir. 1991) (citing the same).

Thus, for Plaintiff's Title II claim, because her last-insured date was September 30, 2015, the PRW should have been calculated as 15 years prior, or September 30, 2000.[5] *See, e.g.*, *Barnes*, 932 F.2d at 1358; *Blake v. Kijakazi*, No. 1:21-CV-54, 2022 WL 4374976, at *5 (N.D.W. Va. Jan. 14, 2022) (confirming that different rules apply in Title II and Title XVI claims when calculating PRW). For Plaintiff's Title XVI claim, the PRW should have been calculated as 15

---

[5] The ALJ acknowledged during the hearing that, "[f]or the Title II claim, then, we're going to go back 15 years [from the last-insured date], so we will have to go back to 2000 for that work." ECF No. 14-1 at 1046. The ALJ did not, however, incorporate this calculation into her written decision. *See id.* at 1030.

10

years prior to the time of adjudication, which courts have held is the date of the ALJ's decision.[6] *See, e.g.*, *Weitzel v. Colvin*, 967 F. Supp. 2d 1089, 1092 n.8 (M.D. Pa. 2013); *Naegele v. Barnhart*, 433 F. Supp. 2d 319, 325 (W.D.N.Y. 2006) ("the 15-year retrospective period began on the date of the ALJ's decision, August 27, 2003"); *Blake*, 2022 WL 4374976, at *5 ("the date of adjudication is December 12, 2018," the date of the ALJ's decision). Because the ALJ rendered her decision on August 23, 2022, the PRW period for Plaintiff's Title XVI claim should have begun on **August 23, 2007**. *See Naegele*, 433 F. Supp. 2d at 325.

Had the ALJ applied the correct calculations, Plaintiff's work as an accounting clerk—which ended on June 11, 2007—likely would not have been considered PRW for her Title XVI claim. *See Smith v. Secretary of Health and Human Services*, 893 F.2d 106, 109 (6th Cir.1989) (the 15-year cutoff is not a "bright-line rule" but rather a "guide"). And given that the ALJ found Plaintiff disabled the day after her calculated PRW ended—based on her age and not having any transferrable skills—it is possible that she could have found Plaintiff disabled from her alleged onset date of June 19, 2024, if she had correctly calculated the 15-year retrospective period to find that there was no PRW.

Because the ALJ did not provide enough "reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence," the Court cannot treat this error as harmless. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). Moreover, another ALJ that correctly calculated the PRW period could have reached a different disability determination, likewise rendering the error not harmless. *Stout*, 454 F.3d at 1055–56. The Court therefore remands this matter because it finds that (1) further administrative proceedings would be useful, and (2) it is unclear whether the ALJ would be required to find the claimant disabled if the case is remanded and the improperly discredited

---

[6] Plaintiff contends that the date of adjudication is the hearing date, June 30, 2022, and therefore the 15-year retrospective period began on June 30, 2007. ECF No. 26 at 25. The Court, however, has not found any case law to support the proposition. Nonetheless, Plaintiff last worked as an accounting clerk on June 11, 2007, ECF No. 14-1 at 1027, which is outside the PRW for her Title XVI claim regardless of whether the hearing date (June 30, 2022) or the decision date (August 23, 2022) is used.

evidence is credited as true. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (setting forth the test for the appropriate type of remand).

### IV.   CONCLUSION

**IT IS THERFORE ORDERED** that Plaintiff's Motion to Remand (ECF No. 26) is GRANTED consistent with this Order.

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion to Affirm (ECF No. 29) is DENIED.

**IT IS FURTHER ORDERED** that on remand, the ALJ apply the listings in effect at the time Plaintiff filed her claim, and that the ALJ calculate Plaintiff's past relevant work period pursuant to Social Security Regulation 82-62.

**IT IS FURTHER ODERED** that the Clerk of Court enter judgment in favor of Plaintiff and close this case.

DATED this 19th day of March 2024.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE